Sanford, J.
Under the agreement of January 4, 1875, the defendant became bound to treat the judgment previously recovered by him against Ramaley, as a security for the payment of Ramaley’s - indebtedness as well to plaintiff’s firm as to himself, and to apply the proceeds and avails of such judgment, and all moneys collected thereon, to the payment of such indebtedness,—yro rata—according to the respective amounts due to the plaintiffs and to himself. In the enforcement of that judgment he acted as the agent of and trustee for the plaintiffs.
As such, he became the purchaser at the execution sale under such judgment, of a large amount of pers *34 onal property, fixtures and stock in trade of the judgment debtor.
' Suppressing the fact of such purchase, he accounted with the plaintiffs for the nominal proceeds of the property apparently realized by him and credited on the execution, but permitted the judgment debtor to retain possession of the property and carry on the business as agent for himself, he contributing, from time to time, to the stock in trade, other goods and merchandise of like character, as the exigencies of the business or his own convenience required, lio separate accounts were kept of the merchandise thus commingled,—the defendant having assumed that his purchase under the execution sale was for his own individual and exclusive benefit, and that the plaintiffs had no interest therein. His answer to the complaint, which was filed for the purpose of compelling Mm to account for the property thus purchased, alleges that he has not been able to realize for such merchandise the amount paid by him therefor, on the sale, but that what he purchased was for his own individual account and not otherwise.
I am of opinion that he is accountable to the plaintiffs for the merchandise and other property thus purchased by him, and that he was bound to dispose of the same for the joint benefit of both parties. The evidence shows that he has sold and disposed of all such property. Having disposed of it, the burden is then upon him to furnish complete and satisfactory accounts, showing such particulars of the transaction as should satisfy the court of its good faith and of the adequacy of the consideration realized. This he has wholly failed to do. In the absence of such accounts, and in view of the manifest impossibility of obtaining them, evidence has been offered, on both sides, as to the actual value of the property purchased by him under the execution.
*35 Upon the whole evidence, I am satisfied, and find, that the fair value thereof, exclusive of the fixtures and lease, was $2,084. The fixtures, &c., were worth $800. The lease $925, making, in the aggregate $3,809, for which he should be held responsible, and charged in account.
On the other hand, he is entitled to be credited with the amount specified by him in his account as having been paid by him at the sale, as the price of the property purchased, viz.: $1,317, leaving him accountable for $2,492.
But in his account rendered to the plaintiffs, he deducted from the proceeds of the sale alleged to have been realized by him, the sum of $223.83, claiming to be allowed that amount by reason of his having discharged the prior lien upon the property of a judgment for said sum, in favor of one Baldwin. The evidence shows, and I find as a fact, that this judgment was purchased by him from the judgment creditor, for a sum much less than that actually due thereon, and that the . amount paid by him for it was reimbursed to him by Ramaley, the judgment debtor. Under these circumstances, the amount of such alleged lien should be added to the defendant’s side of his account, increasing Ms liability to $2,715.83.
Distributing this amount between himself and the plaintiffs,—in the proportion of two-fifths to him and ■three-fifths to them (a basis of adjustment winch they concede for the purpose of convenience in computation, although slightly to their disadvantage), they are entitled to receive $1,629.48, as their share of the fund, Interest oh that amount, from July 5, 1875, should be allowed them, together with costs.